IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MICHAEL A. PABON RIVERA,<br><br>**Appellant,**<br><br>v.<br><br>BLD Realty, Inc.,<br><br>**Appellee.** | CIVIL NO. 24-1329 (RAM) |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

This matter comes before the Court on BLD Realty, Inc.'s ("BLD" or "Appellee") *Debtor/Plaintiff Motion to Dismiss Interlocutory Appeal by Co-Defendant Michael A. Pabon Rivera* ("*Motion to Dismiss*"). (Docket No. 3). Having reviewed the record, the Court finds that the order Michael A. Pabon Rivera ("Rivera" or "Appellant") seeks to appeal is not a "final order" for purposes of 28 U.S.C. § 158(a). Accordingly, the Court **GRANTS** Appellee's *Motion to Dismiss*. The appeal is hereby **DISMISSED** for lack of jurisdiction.

I. BACKGROUND

The pending appeal seeks review OF sanctions imposed on June 7, 2024, by the United States Bankruptcy Court for the District of Puerto Rico against Defendants[1] in an adversary proceeding seeking

---

[1] There are multiple Defendants involved in the adversary proceeding in Bankruptcy Court (*see* Adversary Proceeding No. 22-00034); however, for the present matter before this Court, only one Defendant appealed the order at issue – Appellant Rivera.

damages for tortious interference with a contractual relationship, piercing of corporate veils, and violation of an automatic stay, among other matters. *See* In re BLD Realty Inc., No. 22-00802, 2024 WL 2885584 at *1-2 (Bankr. D.P.R. June 7, 2024). The Bankruptcy Court issued an order finding that Defendants failed to comply with discovery orders in the adversary proceeding and that monetary sanctions were appropriate. Id. at *1-5. The Bankruptcy Court detailed that Defendants' noncompliance had been an issue "for nearly seven months, delaying the proceedings and causing Plaintiff to incur in additional costs pursuing discovery disputes." Id. at *4. Accordingly, the Bankruptcy Court ordered Defendants to pay Plaintiff's reasonable attorneys' fees and costs incurred to obtain discovery and specifically warned that "[s]hould Defendants continue to fail to comply with the court's discovery orders, further sanctions may be warranted." Id. at *4-5.

Rivera filed a *Motion for Reconsideration*, which the Bankruptcy Court denied on June 21, 2024. (Bankr. ECF Nos. 197 and 198, respectively). Rivera then filed the pending *Notice of Appeal and Statement of Election to District Court* in the Bankruptcy Court, in relation to the Opinion & Order dated June 7, 2024, and the order denying reconsideration. (Bankr. ECF No. 205).

Civil No. 24-1329 (RAM)                                                      3

Appellee filed a *Motion to Dismiss*, contending that the order Rivera seeks to appeal is interlocutory, resolving only a motion to compel and imposing corresponding sanctions on the non-compliant party. (Docket No. 3 at 5-6). Furthermore, BLD contends the appeal should be dismissed because Rivera did not request leave to appeal the interlocutory order, as required by Fed. R. Bankr. P. 8004. Id. at 5-6.

In its *Opposition to Debtor/Plaintiff Motion to Dismiss Interlocutory Appeal* ("*Opposition*"), Appellant argues that the instant appeal pertains to a final order adjudicating the scope of discovery and imposition of sanctions pursuant to 27 U.S.C. 158(a)(1) and Fed. R. Bankr. P. 8003(a)(1). (Docket No. 6 at 1-3). Appellant further proffers that this final order, which is unrelated to the merits of the adversary proceeding, "places appellants at the disadvantage in continuing to prosecute the case" where an appeal of the final judgment "will not vindicate the devastating effect" of this order. Id. at 3-4. Additionally, Appellant contends that the Bankruptcy Court erroneously applied the law and abused its discretion, arguing the Court "has chosen to ignore" that BLD has no plausible cause of action to begin with, and that Appellant "has been complying with providing the additional information requested" since the order was entered. Id. at 2-4.

In *Reply to Appellant's Opposition to Motion to Dismiss Interlocutory Appeal* ("*Reply*"), Appellee avers that it is "simply outrageous to argue that discovery under the Adversary Proceeding, has nothing to do with the main controversy." (Docket No. 8 at 3). Appellee asks this Court to not consider the unrelated issues Appellant attempts to raise which are not properly before it. Id. at 2-4.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 158(a), this Court has jurisdiction to review bankruptcy courts' decisions and "hear appeals [] from final judgments, orders, and decrees; . . . and [] with leave of the court, from other interlocutory orders and decrees." Therefore, "'final orders' are reviewable as a matter of right by the district courts, but **review of interlocutory orders rests on the discretion of the court**." Rodriguez-Borges v. Lugo-Mender, 938 F.Supp.2d 202, 207 (D.P.R. 2013) (emphasis added).

"A decision is considered final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" Id. at 207-08 (quoting In re Vázquez Laboy, 647 F.3d 367, 372 (1st Cir. 2011) (internal quotation marks omitted)). Conversely, "an interlocutory order 'only decides some intervening matter pertaining to the cause, and . . . requires further steps to be taken in order to enable the court to adjudicate the cause

on the merits.'" Id. (quoting In re Harrington, 992 F.2d 3, 6 (1st Cir. 1993)). As such, the finality requirement means "a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits." Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 374 (1981). The purpose of the finality requirement "limiting appellate review to final decisions is to avoid piecemeal litigation, promote judicial efficiency, reduce the cost of litigation, and eliminate the delays caused by interlocutory appeals." Appeal of Licht & Semonoff, 796 F.2d 564, 569 (1st Cir. 1986).

"In order to accommodate concerns unique to the nature of bankruptcy proceedings, and because bankruptcy cases typically involve numerous controversies bearing only a slight relationship to each other, finality is given a flexible interpretation in bankruptcy." Rodriguez-Borges, 938 F.Supp.2d at 208; *see* In re Northwood Properties, LLC, 509 F.3d 15, 21 (1st Cir. 2007); *see also* In re Empresas Noroeste, Inc., 806 F.2d 315, 316-17 (1st Cir. 1986) (relaxation of "finality" doctrine appropriate in bankruptcy proceedings only on sufficient showing of "special considerations bankruptcy proceedings deserve"). Accordingly, orders in bankruptcy cases may be immediately appealed under limited circumstances "in which the appealed order disposes of *all the issues* pertaining to a discrete dispute within the larger case."

Rodriguez-Borges, 938 F.Supp.2d at 210 (emphasis in original); *see* Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co., 547 U.S. 651, 657 n.3 (2006).

Interlocutory orders issued by bankruptcy judges "may be appealed only where the district court grants leave to appeal, a decision wholly within said court's discretion." In re Martinez, 541 B.R. 539 (D.P.R. 2015); *see* 28 U.S.C. § 158(a)(3). Although no motion for leave to appeal is before this Court, the Court may direct the Appellant to file a motion for leave to appeal or treat Appellant's notice of appeal as a motion seeking leave to appeal an interlocutory order without requiring further pleadings. Fed. R. Bankr. P. 8003(a)(2) ("appellant's failure to take any step other than timely filing a notice of appeal does not affect the appeal's validity, but is ground only for the district court or BAP to act as it considers appropriate, including dismissing the appeal").

First Circuit precedent has made clear that "[a]pplication of § 158(a)(3) review of interlocutory orders mirrors application of § 1292(b)." In re Watson, 309 B.R. 652 (B.A.P. 1st Cir. 2004), *aff'd*, 403 F.3d 1 (1st Cir. 2005); *see* In re Martinez, 541 B.R. at 541 ("As section 158 does not provide any express criteria for how the federal courts should exercise their discretion in determining whether to preside over an interlocutory appeal, the courts look

to section 1292(b), which sets the standard for the jurisdiction of courts of appeals over interlocutory appeals."). When deciding whether to exercise its discretion in considering an appeal, courts must consider whether: "(1) the order involves a controlling question of law (2) as to which there is substantial ground for difference of opinion, and (3) whether an immediate appeal from the order may materially advance the ultimate termination of the litigation." In re Watson, 309 B.R. at 659 (internal quotation marks omitted). "Within this analysis, courts must bear in mind that interlocutory bankruptcy appeals should be limited to cases presenting exceptional circumstances." P.R. Asphalt, LLC v. Betteroads Asphalt, LLC, No. 19-1661, 2020 WL 2843031 at *10 (D.P.R. 2020); see Rodriguez-Borges, 938 F.Supp.2d at 212 ("The First Circuit has instructed courts to grant leave sparingly and only in exceptional circumstances."); In re Watson, 309 B.R. at 659 (Section 1292(b) permits appellate review of certain interlocutory orders "when they have a final and irreparable effect on the rights of the parties").

### III. DISCUSSION

In Licht, the First Circuit held that monetary discovery sanctions imposed on an attorney are generally considered nonfinal orders. 796 F.2d at 568 ("The law is substantially settled that neither a party nor a nonparty to litigation may bring an immediate

appeal of a discovery order."). It further stated that "a party may not appeal a sanction order other than criminal contempt before final judgment." Id.

The Bankruptcy Court's sanction order was directed at Appellant's conduct of discovery and purpose for undertaking it, thus "[t]he order cannot realistically be considered a separate matter from the ongoing case." *See* id. at 570. "As a practical matter . . . the sanction may never be finally imposed. The case may be settled and the sanction rescinded by the court as part of the settlement agreement. Or the court may rescind or modify the sanction after verdict." Id. While none of those possibilities may be followed in this case, "their existence detracts from the finality of the order." *See* id.

The court in In re Williams, reviewing a bankruptcy appeal, reiterated that "Licht would squarely counsel against interlocutory review" if a case only entailed monetary sanction. 215 B.R. 289, 298 (D.R.I. 1997). However, it departed from Licht to exercise its discretion in entertaining the appeal because the bankruptcy court's remarks toward the attorneys threatened reputational injury of a continuing nature – taking it beyond the realm of monetary sanction found in Licht. Id. Here, the Bankruptcy Court has issued no such statements that would raise similar concerns. While a "risk of professional stigma surely attends most

sanction orders," "[u]ntil a sanction order becomes 'final' . . . the public and the legal profession understand that the [court] considered counsels' conduct sanctionable, but surely make allowance for the prospect that the sanction, if erroneous, may be reversed on appeal." United States v. Kouri-Perez, 187 F.3d 1, 12 (1st Cir. 1999).

Alternatively, some situations may permit immediate appeal under the "theory that while the order is not a final decision under § 1291, it is a collateral order[.]" Licht, 796 F.2d at 569. This limited exception to the final judgment rule requires that the order must:

> (1) concern a collateral issue so conceptually distinct from other issues being litigated in the underlying action that an immediate appeal would neither disrupt the main action, nor threaten to deprive the appellate court of useful context which might be derived from subsequent developments in the litigation; (2) completely and conclusively resolve the collateral issue; (3) infringe rights which appellant could not effectively vindicate in an appeal after final judgment in the case; *and* (4) involve an important or unsettled legal issue, rather than merely challenge discretionary trial court rulings.

Kouri-Perez, 187 F.3d at 5 (citing Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949)) (emphasis in original).

The pendency of further proceedings before the Bankruptcy Court in the instant case counsel against granting leave to appeal

under this theory as well. This is an ongoing litigation where discovery is a central part to the adversary proceeding. Thus, while the imposition of sanctions may cause some difficulty on Defendants, it will not hinder the progress of the case. Notably, the sanctions order is not a discrete matter that conclusively resolved the collateral issue. The Bankruptcy Court, upon imposing the sanctions, stated that further sanctions may be warranted should Defendants continue a pattern of noncompliance with discovery orders. Lastly, there is nothing to suggest Appellant cannot effectively vindicate his rights in an appeal after final judgment.[2] *See* id. at 14 (finding that if due process rights were violated, "there is no reason to assume they cannot be fully vindicated on final appeal").

Accordingly, the present sanctions order is an interlocutory ruling within a discrete dispute – the adversary proceeding in which it was issued – and is not reviewable under Section 158(a). *See* Rodriguez-Borges, 938 F.Supp.2d at 210.

---

[2] The "irreparable harm" prong requires more than a preference for immediate appellate review for convenience, rather it must demonstrate that "denial of an immediate appeal would make effective [appellate] review impossible, or would destroy the legal and practical value of appellant's right to appeal." Licht, 796 F.2d at 571 (internal quotation marks omitted). "[F]or example, appellants would need to establish financial inability to pay the fine, or that the party to whom the payment must be made is in so precarious a financial condition that it may be impossible to recover the payment should the sanction order be reversed on final appeal." Kouri-Perez, 187 F.3d at 11 (noting Licht did not indicate whether Rule 26 sanction was immediately payable, nor suggest that it would be material to appellate jurisdiction).

### IV. CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Appellee BLD Realty, Inc.'s *Motion to Dismiss* at Docket No. 3.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of November 2024.

s/Raúl M. Arias-Marxuach  
UNITED STATES DISTRICT JUDGE
